**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00014-CR**
_____

**TROY LEE TAYLOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 260th District Court**
**Orange County, Texas**
**Trial Cause No. D170363-R**

## MEMORANDUM OPINION

Troy Lee Taylor was charged by indictment for the offense of burglary of a building. *See* Tex. Penal Code Ann. § 30.02 (West Supp. 2017).[1] Taylor entered an open plea of guilty, and the trial court assessed punishment at twenty months in state jail and a fine of $1000. Taylor timely filed a notice of appeal. We affirm.

---

[1] We cite to the current version of the statute as subsequent amendments do not affect our disposition.

Taylor's appointed counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Taylor to file a pro se brief, and Taylor filed a pro se letter. Taylor's pro se letter lodges four complaints, including that the trial court judge had a conflict of interest and should not have presided over Taylor's case, that the record does not show his indictment stamped as received and filed with the trial court, that the trial court did not permit him to change attorneys or his plea a week before sentencing, and that his case history is incomplete.

Taylor's pro se letter includes no citations to authority or to the record. We conclude that it does not meet the requirements for an appellate brief. *See* Tex. R. App. P. 38.1(i). When an appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for review. *See Wolfe v. State*, 509 S.W.3d 325, 342-43 (Tex. Crim. App. 2017); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000). Accordingly, an appellant may forfeit error through his failure to brief adequately. *See Leza v. State*, 351 S.W.3d 344, 358 (Tex. Crim. App. 2011) (declining to reach the merits of appellant's issues due to inadequate briefing); *Ochoa v. State*, 355 S.W.3d 48, 56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd)

2

("An appellant waives an issue on appeal if he fails to adequately brief that issue by presenting supporting arguments and authorities.") (citing Tex. R. App. P. 38.1(i); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2002)). The appellate record also does not reflect that Taylor preserved error on any of the challenges raised in his pro se letter. *See* Tex. R. App. P. 33.1.

The Court of Criminal Appeals has held that we need not address the merits of issues raised in *Anders* briefs or pro se responses. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may determine either: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error"; or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* We have independently examined and conducted a full examination of all the proceedings, and we have determined that this appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and Appellant's pro se letter, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the

3

requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's judgment.[2]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on June 20, 2018
Opinion Delivered June 27, 2018
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

---

[2] Taylor may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.